A. CISNEROS, Trustee
3403 10th Street, Suite 714
Riverside, California 92501
Phone: (951) 682-9705
Fax: (949) 252-1032
Email: arturo@mclaw.org

*Subchapter V Trustee*

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re: | Case No. 2:22-bk-13031-WB |
| | Chapter 11 |
| MARTIN RAMIREZ TROCHE and MARIA RAMIREZ, | **NOTICE OF MOTION AND MOTION TO DISMISS, OR, IN THE ALTERNATIVE, CONVERT CASE TO CHAPTER 7; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF A. CISNEROS IN SUPPORT THEREOF** |
| Debtors. | |
| | **HEARING DATE:**<br>**DATE:** June 8, 2023<br>**TIME:** 10:00 a.m.<br>**CTRM:** 1375<br>**PLACE:** 255 E Temple St.,<br>         Los Angeles, CA 90012 |

1

Motion to Dismiss

**TO THE HONORABLE JULIA W. BRAND, UNITED STATES BANKRUPTCY JUDGE; THE OFFICE OF THE UNITED STATES TRUSTEE; DEBTORS; DEBTORS' COUNSEL; AND OTHER INTERESTED PARTIES:**

**PLEASE TAKE NOTICE** that A. Cisneros, Subchapter V trustee ("Trustee") for the bankruptcy estate of Martin Ramirez Troche, d.b.a. as La Fiesta Meat Market, and Maria Ramirez ("Debtors"), hereby moves the Court for entry of an order dismissing Debtors' case pursuant to 11 U.S.C. 1112(b)(4)(A), or, in the alternative, converting Debtors' Chapter 11 case to Chapter 7 pursuant to 11 U.S.C. § 1112(b)(1).

Since 1999, Debtors have operated La Fiesta Meat Market, which is a meat market, bakery, and grocery store located in Lawndale, California. In response to the Office of the United States Trustee's Motion to Convert, the Court removed Debtors as Debtors-in-possession and authorized Trustee to operate Debtors' business on December 12, 2022.

Upon Trustee's commencement of operations, the balance of Debtors' accounts was approximately $19,000; however, Debtors' debtor-in-possession account had been frozen by Wells Fargo Bank. Trustee immediately visited the business and rental property, established controls, made a demand on Wells Fargo Bank for turnover funds in the debtor-in-possession account, and met with an accountant regarding continued operations. Thereafter, Trustee obtained turnover of the frozen funds, addressed the past due payroll, and oversaw two consecutive months of significant, positive cash flow, in the amounts of approximately $16,000 and $58,000 respectively, over the holidays.

However, since January, 2023, cash flow rapidly declined, culminating in an aggregate net loss of $2,641.76 between January and March. Despite nearly tripling monthly net profits since he assumed operations of Debtors' business, the bills left unpaid by Debtors has hamstrung operations. Notwithstanding the foregoing, if the case is dismissed, Trustee should have approximately $60,000 on hand for payment of administrative claims. However, Trustee fears that continued operations will only continue to reduce those funds and will certainly not provide the funds needed to confirm a plan. Therefore, Trustee believes that dismissal, rather than conversion, is in the best interest of creditors and the Estate. Finally, the Debtors have consented to dismissal, and the Internal Revenue Service and Office of the United States Trustee do not oppose dismissal.

**PLEASE TAKE FURTHER NOTICE** that in support of this Motion, Trustee will rely on the accompanying Memorandum of Points and Authorities, the pleadings and papers on file in this case, the Declaration of A. Cisneros, in support of the Motion, any supplemental briefing that the Court may require, and any oral argument presented at a hearing on the Motion.

**PLEASE TAKE FURTHER NOTICE** that, under Local Bankruptcy Rule ("LBR") 9013-1(f), any response to the Motion must be in writing and filed with the Bankruptcy Court Clerk no later than fourteen (14) days before the hearing date stated above and served on the undersigned counsel at the addressed identified in the upper lefthand corner of this Motion. Pursuant to LBR 9013-1(h), failure to timely file and serve a response to the Motion may be deemed by the Court to constitute consent to the granting of the relief requested in the Motion and as set forth above.

DATED: May 10, 2023

Respectfully Submitted,

_____
A. CISNEROS
*Subchapter V Trustee*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

Prior to the filing of their Subchapter V petition on May 31, 2022, Debtors operated La Fiesta Meat Market, which is a meat market, bakery, and grocery store located in Lawndale, California. Due to overwhelming tax claims and a judgment creditor's collection actions, Debtors sought bankruptcy relief under Subchapter V of Title 11. In November, 2022, the Office of the United States Trustee ("OUST") moved to convert Debtors' case to Chapter 7 based on Debtors' failure to comply with OUST's reporting requirements. In response, the Court removed Debtors as Debtors-in-possession pursuant to 11 U.S.C. § 1185(a); thereby resulting in Trustee taking over operations of Debtors' business pursuant to 11 U.S.C. §§ 1183(b)(2) and (5).

Initially, Trustee succeeded in reversing a trend of stagnant revenues, nearly tripling Debtors' average monthly income by increasing monthly revenues by an average of nearly $40,000 per month. Unfortunately, between January and March, 2023, the business operated at a loss based on the post-holiday slowdown coupled with bills that Debtors failed to pay during their operation of the business. Nevertheless, if the case is dismissed, Trustee should have approximately $60,000 on hand for payment of administrative claims. Therefore, Trustee believes that dismissal of Debtors' case is in the best interest of creditors and the Estate, as continued operations will likely eventually consume the funds on hand, leaving nothing for creditors. Given the substantial debt owed to the taxing authorities and Debtors' inability to reduce same, the Debtors' Plan is also not feasible. The Debtors have requested that they be allowed to work out their tax issues via an "Offer and Compromise" outside of bankruptcy.

Based on the foregoing, and as explained in further detail below, Trustee respectfully requests that the Court enter an order dismissing Debtors' case.

## II.

## STATEMENT OF FACTS

**A.    The Filing of the Petition, Debtors' Property, and Debtors' Plan.**

1.    This case was commenced on May 31, 2022, with the filing of a skeletal Subchapter V petition under Chapter 11 of the Bankruptcy Code ("Petition"). *See* Docket Entry ("DE") 1.

4

Motion to Dismiss

2.      On June 16, 2022, Trustee was appointed as the Subchapter V Trustee. *See* DE 21.

3.      On June 28, 2022, Debtors filed their sworn schedules, wherein they identified their ownership of the real property commonly known as 4060W. 134th Street, Hawthorne, California 90260, which they valued at $1,200,000 ("Property"), and identified $700,000 in liens against. *See* DE 24.

4.      Debtors claim a $600,000 homestead exemption in the Property pursuant to California Code of Civil Procedure § 704.730(a)(1). However, the Property is a triplex. Therefore, it is unclear as to whether Debtors are entitled to claim a homestead exemption in the entire building.

5.      The 11 U.S.C. § 341(a) meeting of creditors was held and concluded on July 13, 2022. *See* DE 22.

6.      On October 13, 2022, Debtors filed their Subchapter V Plan. *See* DE 105. The Debtors' Plan, as proposed, had feasibility issues and assumed consent of the IRS and State, neither of which Debtors were able to obtain.

**B.      The OUST's Motion to Convert and Removal of Debtors' in Possession.**

7.      On December 8, 2022, OUST filed a Motion to Convert Debtors' case to Chapter 7 based on *inter alia* Debtors' failure to comply with OUST reporting requirements. *See* DE 112. In response, Debtors agreed to be removed as debtors in possession.

8.      On December 12, 2022, the Court entered an order removing Debtors as Debtors-in-possession; thereby placing Trustee in control of Debtors' business operations pursuant to 11 U.S.C. § 1183(b)(5)(B).. *See* DE 134.

**C.      Trustee's Operation of Debtors' Business.**

9.      Trustee has operated Debtors' business for over 4 months, and, since that time, has increased average monthly revenue from $153,710 during Debtors' operation to $189,244.68 during Trustee's operation. *See* DE 117, 118, 119, 126, 127, 137, 145, 147, 151, and 152.

10.      Trustee has also increased the average monthly net profit from $5,709 during Debtors' operation to $14,36.36 during Trustee's operation. *See* DE 117, 118, 119, 126, 127, 137, 145, 147, 151, and 152.

11.      Notwithstanding Trustee's success, net revenues have dropped precipitously since January 1, 2023, due to deceased revenues following the holiday season coupled with bills left unpaid by

Case 2:22-bk-13031-WB    Doc 153    Filed 05/11/23    Entered 05/11/23 10:07:33    Desc
Main Document    Page 6 of 13

Debtors during the operation. *See* DE 147, 151, and 152.

12. Currently, Trustee should have approximately $60,000 on hand for payment of administrative claims, if the case is dismissed.

### D. The Administrative and Unsecured Claims Against Debtors' Estate.

13. According to Debtors' Plan, attorney fees and costs to the Law Offices of Robert S. Altagen were estimated at $30,000. *See* DE 105, p. 14, ¶ 32. However, Debtors' counsel has agreed to waive any further claim for fees beyond his retainer. *See* Declaration of A. Cisneros, in support of Motion to Dismiss ("Declaration"), ¶ 7.

14. Trustee estimates his fees to be approximately $50,000. *See* Declaration, ¶ 8.

15. Trustee estimates that his accountant's fees are approximately $10,000. *See* Declaration, ¶ 9.

16. As of the filing of this Motion, approximately $3,364,542.28 in claims have been filed, including a $1,858,893.66 claim by the Internal Revenue Service, a $367,156.11 claim by the Franchise Tax Board, and a $14,002.22 claim by the Los Angeles County Treasurer and Tax Collector. *See* Claims Register No. 1-1 through 12-1.

## III.

## ARGUMENT

### A. Dismissal Pursuant to 1112(b)(1) and (4)(A).

Section 1112(b)(1) provides, in pertinent part, that:

> "Except as provided in paragraph (2) and subsection (c), on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause …."

Section 1112(b)(4)(A) provides, in pertinent part that:

> "[T]he term "cause" includes…substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation."

### B. Cause Exists to Dismiss Debtors' Case.

Although "cause" is not specifically defined, 11 U.S.C. 1112(b)(4) provides examples of what may constitute cause, including "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation …." 11 U.S.C. § 1112(b)(4)(A).

Motion to Dismiss

The list of factors in section 1112(b)(4) is not exhaustive, and courts may consider other factors and use their equitable powers to reach an appropriate result. *In re Consolidated Pioneer Mortgage Entities,* 248 B.R. 368, 375 (B.A.P. 9th Cir. 2000).

Currently, Trustee has operated Debtors' business for nearly five months. Unfortunately, despite reversing a trend of stagnant revenues and nearly tripling Debtors' average monthly income by increasing monthly revenues by an average of nearly $40,000 per month, between January and March, 2023, the business operated at a loss based on the post-holiday slowdown coupled with bills that Debtors failed to pay during their operation of the business. Nevertheless, if the case is dismissed, Trustee shouldl have approximately $60,000 on hand for payment of administrative claims. Conversely, if the case is not dismissed, Trustee believes that continued operations will likely eventually consume the funds on hand, leaving nothing for creditors.

In addition, Trustee and his accountant have engaged in multiple conference calls with counsel for the Internal Revenue Service and reviewed several years of tax returns and tax assessments only to learn that the tax liability may be even larger than scheduled by Debtors. The initial terms provided in the Plan assumed agreement by the taxing authorities, which Debtors were unable to obtain. Therefore, there is no "reasonable likelihood of reorganization" at this time and Trustee believes that dismissal is in the best interest of creditors and the Estate.

## IV.

## **CONCLUSION**

Based on the foregoing, Trustee respectfully requests that the Court enter an order dismissing Debtors' case, or, if the Court is not included to dismiss the case, converting it to Chapter 7.

DATED: May 10, 2023

Respectfully Requested,

A. CISNEROS
*Subchapter V Trustee*

Motion to Dismiss

## DECLARATION OF A. CISNEROS

I, A. Cisneros, declare and state as follows:

1. I am the duly appointed and acting Subchapter V trustee for the bankruptcy estate of Martin Ramirez Troche and Maria Ramirez ("Debtors") in the above-entitled and numbered Chapter 11 case. In this capacity, I have personal knowledge of the facts set forth below as a result of my participation in the events in question or as a result of my review of the record, and, if called upon to testify thereto, I could and would do so competently and truthfully.

2. I am familiar with Debtors' bankruptcy proceeding, and make this Declaration in support of my Motion to Dismiss Debtors' case ("Motion"). Unless otherwise noted, capitalized terms in this Declaration have the same meaning as set forth in the Motion. I have read and am aware of the contents of the Motion and the accompanying Memorandum of Points and Authorities. The facts stated in the Motion and Memorandum of Points and Authorities in support thereof are true and correct to the best of my knowledge.

3. On December 12, 2022, the Court entered an order removing Debtors as Debtors-in-possession, which resulting in my taking over operations of Debtors' business pursuant to 11 U.S.C. §§ 1183(b)(2) and (5).

4. During my operation of La Fiesta Meat Market, which is a meat market, bakery, and grocery store located in Lawndale, California, I succeeded in reversing a trend of stagnant revenues, nearly tripling Debtors' average monthly income by increasing monthly revenues by an average of nearly $40,000 per month. Attached hereto as Exhibit "A" is a report of the operations of Debtors' business since the filing of the petition based on the Monthly Operating Reports filed in Debtors' case.

5. Unfortunately, between January and March, 2023, the business operated at a loss based on the post-holiday slowdown coupled with bills that Debtors failed to pay during their operation of the business.

6. During my administration, I participated in several conference calls with counsel for the Internal Revenue Service ("IRS") and Debtors in an attempt to resolve the claim and garner support for the proposed treatment under the Plan. Unfortunately, through further investigation by the IRS and review of over 10 tax years, it was discovered that Debtors may owe even more than provided for in

their Plan. Therefore, they wish to attempt resolution via the "offer and compromise" process, which can only be accomplished outside of bankruptcy.

7. According to Debtors' Plan, Debtors' attorney fees and costs are estimated at approximately $30,000. However, Debtors' counsel has agreed to waive any further claim for fees beyond his retainer.

8. I estimate my current fees and costs at approximately $50,000.

9. I estimate my accountant's fees and costs at approximately $10,000.

10. If the case is dismissed, I should have approximately $60,000 on hand for payment of administrative claims.

11. I believe that dismissal of Debtors' case is in the best interest of creditors and the Estate, because continued operations will likely eventually consume the funds on hand, leaving nothing for creditors, and the Plan is unconfirmable.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on May 10, 2023 at Riverside, California.

_____
A. CISNEROS

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**2112 Business Center Dr., Irvine, CA 92612**

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF MOTION AND MOTION TO DISMISS, OR, IN THE ALTERNATIVE, CONVERT CASE TO CHAPTER 7; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF A. CISNEROS IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **May 11, 2023**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**OFFICE OF U.S. TRUSTEE: United States Trustee (LA)**     ustpregion16.la.ecf@usdoj.gov
**TRUSTEE: Arturo Cisneros (TR)**     amctrustee@mclaw.org, acisneros@iq7technology.com; ecf.alert+Cisneros@titlexi.com
**NOTICE: Robert S Altagen**     robertaltagen@altagenlaw.com
**NOTICE: Michael Jay Berger**     michael.berger@bankruptcypower.com, yathida.nipha@bankruptcypower.com; michael.berger@ecf.inforuptcy.com
**NOTICE: Arturo Cisneros**     arturo@mclaw.org, CACD_ECF@mclaw.org
**NOTICE: Douglas B Foster**     dbfosterlaw@gmail.com
**NOTICE: Todd S Garan**     ch11ecf@aldridgepite.com, TSG@ecf.inforuptcy.com; tgaran@aldridgepite.com
**NOTICE: Daniel J Griffin**     daniel@thebklawoffice.com, tclayton@thebklawoffice.com; daniel@thebklawoffice.com
**NOTICE: Dare Law**     dare.law@usdoj.gov, ron.maroko@usdoj.gov
**NOTICE: Brian D McMahon**     bdmaclaw@gmail.com, bdmclaw@yahoo.com
**NOTICE: Edward T Weber**     ed@eweberlegal.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **May 11, 2023**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**DEBTOR: Martin Ramirez Troche and Maria Ramirez, 4060 W. 134th St. Apt A, Hawthorne CA 90250**

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| **May 11, 2023** | Erica F. Pedraza | /s/ Erica F. Pedraza |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

**SECTION 2 CONT.**
Adam Sharp & Cadillac City Inc
c/o: Law offices of Michael Jay Berger
9454 Wilshire Blvd 6th
Floor Beverly Hills, CA 90212

Alfredo Perez Martinez
3343 W. 133rd Street
Hawthorne, CA 90250

Benjamin Chavez
4245 W. 134th Street #B
Hawthorne, CA 90250

Capital Benefits
4667 MacArthur Blvd #230
Newport Beach CA 92660

Cargill Food Distribution
PO Box 189
Glen Carbon, IL 62034

Carlos Ceja
15410 Mansel Ave
Lawndale, CA 90260

Carlos Rivera
12951 Gladstone Ave
Sylmar, CA 91342

Cintas Corporation
c/o: Chatow Law
23 Corporate Plaza Drive
Newport Beach, CA 92660

Directv, LLC
by American InfoSource as agent
PO Box 5072
Carol Stream, IL 60197-5072

Durazo Pork Inc.,
c/o: Gaba Guerrini Law Corporation
8583 Irvine Center Drive #500
Irvine, CA 92618

Employment Development Department
PO Box 826215
MIC 3A
Sacramento, CA 94230-6215

Employment Development Department
Bankruptcy Group
MIC 92E
PO BOX 826880
Sacramento, CA 95814

Enrique Lara
19035 Canyon Terrace Dr
Trabuco Canyon, CA 92679

Enrique Lara
3446 Ruby Way
Pomona, CA 91767

Forwardline Financial LLC
c/o: Jon O. Blanda Collection at Law
3835 E. Thousand Oaks Blvd
Thousand Oaks, CA 91362

Forwardline Financial, LLC
3835 E. Thousand Oaks Blvd. Suite R-349
Westlake Village, CA 91362

FRANCHISE TAX BOARD
BANKRUPTCY SECTION
MS A340
PO BOX 2952
SACRAMENTO CA 95812-2952

FRANCHISE TAX BOARD
BANKRUPTCY SECTION
MS A345
PO BOX 2952
SACRAMENTO CA 95812-2952

Franchise Tax Board - State of California
PO Box 2952
Sacramento, CA 95812-2952

Franchise Tax Board - State of California
PO Box 942857
Sacramento, CA 94257

Gabriel Gongora
15318 Larch Ave
Lawndale, CA 90260

Glen Kessler
718 Vesta St
Inglewood, CA 90302

Intermex Wire Transfer Corp
c/o: Hatkoff & Minassian ALC
18757 Burbank Blvd #100
Tarzana, CA 91356

Internal Revenue Service
Centralized Insolvency Operation
P. O. Box 7346
Philadelphia, PA 19101-7346

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                                            F 9013-3.1.PROOF.SERVICE

Ismael Patino
531 Sequoia Drive
Bakersfield, CA 93308

Jesus Sanchez
15005 Eastwood Ave
Lawndale, CA 90260

Jose De Jesus Hernandez
10221 50th Street
Mira Loma, CA 91752

Jose G. Moralores
10530 Burin Ave
Inglewood, CA 90304

Jose Velasquez
4567 W. 164th Street
Lawndale, CA 90260

Los Angeles County Collector
225 N. Hill Street room 122
Los Angeles, CA 90054

LOS ANGELES COUNTY TREASURER AND TAX
COLLECTOR
ATTN: BANKRUPTCY UNIT
PO BOX 54110
LOS ANGELES CA 90054-0110

LVNV Funding, LLC
Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587

Martin Villagomez
1513 Richaland Ave
Santa Ana, CA 92703

Mike Yen
c/o: Daniel Lee
411 E. Huntington Drive #215
Arcadia, CA 91006

Mr. Cooper
PO Box 650783
Dallas, TX 75265-0783

Mr. Cooper
PO Box 650783
Dallas TX 75265-078

Nelson Tabarez
500 Eagle Drive
Eddy, TX 76524

Olivia Hernandez
12029 Hawthorne Way #C
Hawthorne, CA 90250

Otionel Lagunas & Lidia Moran
c/o: Steinberg & Foster LLP
1334 Park View Ave #100
Manhattan Beach, CA 90266

Oviel, Jason & ILlajairo Armendariz
18506 Grenville Ave
Redondo Beach, CA 90278

Peter & Wendy Ardeljan
239 Calle De Madrid
Redondo Beach, CA 90277

Phillip B. Potter and Lorraine Potter, Trustees et
c/o Capital Benefits
4667 MacArthur Blvd #230
Newport Beach, CA 92660

Rancho Foods Inc.,
John O. Blanda Collection at Law
3835 E. Thousand Oaks Blvd #R349
Thousand Oaks, CA 91362

Rancho Foods, Inc.
3835 E. Thousand Oaks Blvd., Suite R-349
Westlake Village, CA 91362

Ruben Hernandez
4803 Torrance Blvd
Torrance, CA 90503

Santo Villalovos
Law Office of Horacio Lozano
14717 Hawthorne Blvd
Lawndale, CA 90260

Scott Dain
c/o: Law offices of Anthony C. Duffy
17011 Beach Blvd., 9th Floor
Huntington Beach, CA 92647

Sergio Ortiz
1515 1/2 W. 204th Street
Torrance, CA 90501

Sofia Sain & Sofia Wills
3716 W. 118th Street
Hawthorne, CA 90250

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

Sysco Los Angeles Inc.,
c/o: Law offices of Gary A. Bemis
3870 La Sierra Ave #239 Riverside, CA 92505

The Bankruptcy Group, P.C.
Attn: Daniel Griffin
2408 Professional Drive
Roseville, CA 95661

Toro Foods Inc.,
c/o: Kohan Law Firm
1925 Century Park East #1180
Los Angeles, CA 90067

U.S. Bank National Association
C/O Nationstar Mortgage LLC
Attn: Bankruptcy Dept
PO Box 619096
Dallas TX 75261

Ventura County
Government Center, Hall of Justice
800 South Victoria Ave
Ventura, CA 93009

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                                              **F 9013-3.1.PROOF.SERVICE**